**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| F. K., by and through her mother, A.K., | No. 13-15071 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00240-ACK-RLP |
| v. | |
| STATE OF HAWAII DEPARTMENT OF EDUCATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Argued October 7 & 9, 2014 and Submitted October 9, 2014
Honolulu, Hawaii

Before: TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Appellant F.K., through her mother, A.K., appeals the district court's

affirmance of two decisions issued by the State of Hawaii's Office of

Administrative Hearings pursuant to the framework established by the Individuals

with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* As the parties are

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

We consider the two Hearings Officer decisions challenged by Appellant in turn. We begin with the decision dated April 9, 2012, designated DOE–SY 1011–126, which rejected F.K.'s challenge to the proposed placement at King Intermediate School. This challenge raises four distinct issues.

First, we conclude that the district court did not err in giving deference to the Hearings Officer's findings. It is well-established that a federal court's review of a state administrative proceeding pursuant to the IDEA must give "due weight" to the findings and conclusions of the state proceeding. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). Deference is particularly appropriate where administrative findings "are thorough and careful." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994). The findings and analysis in the administrative proceeding at issue here were sufficiently thorough and careful to merit deference. The failure to provide citations to specific pages in the administrative record does not require stripping those findings and conclusions of deference.

Second, we reject Appellant's assertion that the DOE failed to make a specific written offer of placement to F.K. The three-page Prior Written Notice

2

dated March 10, 2011 met the IDEA's requirements. *See K.D. ex rel. C.L. v. Dep't of Educ. Hawaii*, 665 F.3d 1110, 1127 (9th Cir. 2011) (formal offer of placement made where the offer "identified the specific school [the student] was to attend . . . along with a description of the classroom environment").

Third, we are not persuaded by Appellant's contention that the proposed placement at King Intermediate School was not an appropriate educational setting within the meaning of the IDEA. In this respect, the IDEA mandates that students be provided with "a basic floor of opportunity." *Rowley*, 458 U.S. at 200. The Hearings Officer heard extensive testimony for and against the plan to place F.K. at King Intermediate School. The district court adopted the Hearings Officer's findings, which were based in part on determinations as to witness credibility. Those factual findings were not clearly erroneous. *See E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 758 F.3d 1162, 1170 (9th Cir. 2014) (this court "review[s] the district court's factual determinations for clear error, even when based on the administrative record") (quotation omitted). In light of these factual findings, the district court's conclusion—that F.K. had failed to establish that King was not an appropriate educational setting under the IDEA—was correct.

Fourth, we disagree with Appellant's argument that the DOE could not have implemented the February 28, 2011 individualized education program that it offered to F.K. We have previously held that "a *material* failure to implement an IEP violates the IDEA." *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 822 (9th Cir. 2007) (emphasis in original). Both the Hearings Officer and the district court considered this issue, made factual findings regarding the DOE's ability to implement the IEP, and rejected Appellant's claim. These factual findings were not clearly erroneous, and we agree with the district court's decision to reject this claim.

We turn next to F.K.'s challenge to the second Hearings Officer decision, dated April 25, 2012 and designated DOE–SY 1011–067. We reject Appellant's contention that the DOE's failure to make payments to Loveland Academy constituted either a unilateral change in F.K.'s placement or a denial of a FAPE for F.K. under the IDEA. It is, of course, true that a *free* appropriate public education must be free to F.K. and her family. It is not difficult to imagine circumstances in which a failure on the part of the DOE to pay a private provider would fall afoul of the IDEA, particularly where that failure to pay significantly impacted the student's educational program. But here, as the district court found, the DOE resumed its payments to Loveland pursuant to the preliminary injunction order

4

issued in another action, Civ. No. 12-00136 ACK-RLP. The district court further found that F.K.'s educational program had not experienced any significant changes as a consequence of the DOE's nonpayment. In light of these facts, we conclude that the district court's decision was correct.[1]

The related but distinct issue of whether Act 129 is preempted by federal law, raised more directly in the other action, does not have to be addressed to resolve this case. We express no opinion regarding that issue.

**AFFIRMED**.

---

[1] Appellant appears to be of the view that a district court's review of a Hearings Officer's decision under the IDEA must be limited to the facts as they existed at the time the Hearings Officer rendered his decision, and that the district court thus should not have considered the subsequent resumption of tuition payments in determining whether the DOE had denied F.K. a FAPE or made a unilateral change in placement. Our case law does not support this contention. The IDEA expressly provides for the hearing of "additional evidence" by the district court. 20 U.S.C. § 1415(i)(2)(C)(ii). And we have previously established that a district court called upon to review a state administrative decision under the IDEA may take into account "relevant events occurring subsequent to the administrative hearing." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) (quotation omitted). The subsequent resumption of payments by the DOE is one such "event" that may properly be considered by the district court.